**NOT FOR PUBLICATION** **CLOSED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
ALI ABDEL RIDA BADEREDDINE,       :
:
    Petitioner,      :  Civil Action No. 06-1482 (JAP)
:
v.                                :  **OPINION**
:
MICHAEL CHERTOFF, et al.,         :
:
    Defendant.       :
_____:

PISANO, J.

    Presently before the Court is Petitioner's "Emergency Petition for Writ of Habeas Corpus." Plaintiff challenges his detention by United States Immigration and Customs Enforcement and is seeking release from detention, a stay of his removal order, and an order that his removal proceedings be reopened to allow him to file an appeal together with an application for an adjustment of status. For the reasons set forth below, this Court finds it does not have jurisdiction to hear this matter. Accordingly, the petition is dismissed.

    On May 11, 2005, the Real ID Act of 2005, Pub. L. No. 109-13, Div. B., 119 Stat. 231 (the "Act"), was enacted. Section 106 of the Act amended 8 U.S.C. § 1252(a) by adding the following:

    (5) Exclusive means of review

    Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, *a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for*

> *judicial review* of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

*See* 8 U.S.C. § 1252(a)(5) (emphasis added). As a result, the Act has stripped the district courts of habeas jurisdiction over removal orders. *Jordon v. Attorney General of U.S.*, 424 F.3d 320, 326 (3d Cir. 2005). *See also Hernandez v. Gonzales*, 37 F.3d 341, 344 (3d Cir. 2006) ("Under the new judicial review regime imposed by the [Real ID Act], a petition for review is now the sole and exclusive means of judicial review for all orders of removal except those issued pursuant to 8 U.S.C. § 1225(b)(1).")[1]

Nevertheless, without citations to any legal authority, Petitioner argues that district courts "retain jurisdiction over petitions for habeas corpus," and that "challenges to the legality of detentions should be filed as Petitions for Writ of Habeas Corpus, [while] challenges to decisions of the BIA [Board of Immigration Appeals] should assume the form of Petitions for Review." Reply at 1. Petitioner asserts this Court has jurisdiction over the present matter because he is not challenging the "summary dismissals" of his appeals by the BIA, but rather he bases his petition "upon a belief that the [his] detention is illegitimate since [his] Fifth Amendment Right of Due Process has been violated." *Id.*

Although the Third Circuit has not specifically addressed the issue as framed by Petitioner, it has provided some guidance. In a discussion of the provision of the Real ID Act

---

[1] Section 1225(b)(1) addresses the "[i]nspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and is not applicable in the present matter.

that converted all pending habeas petitions into petitions for review upon enactment of the Act, the Third Circuit noted that such provision only applied where the alien was "challenging an order of removal via habeas corpus." *Bonhometre v. Gonzales*, 414 F.3d 442, 446 n.4 (3d Cir. 2005). The *Bonhometre* court went on to state that "[a]n alien challenging the legality of his *detention* still may petition for habeas corpus. *Id.* (emphasis in original). In so noting, the court cited to the legislative history of the Real ID Act, specifically, H.R. Conf. Rep. No. 109-72, at 175 (2005), which states that while Section 106 of the Act "eliminate[s] habeas review ... over challenges to removal orders," it does not preclude habeas review "over challenges to detention that are independent of challenges to removal orders." *See also Hernandez v. Gonzales*, 424 F.3d 42 (1st Cir. 2005) (finding that district court had habeas jurisdiction over petitioner's claim with respect to the length of detention because the claim concerned "only the petitioner's detention rather than his removal").

Consequently, the question for this Court is whether Petitioner's present challenge to his detention is independent of a challenge to his removal order or whether it is merely a collateral attack on the removal order. The Court finds it is the latter. Petitioner does not contend, for example, that the length of his detention is unreasonable or that the conditions of his confinement are inhumane. Rather, he contends that his detention is unlawful because it is premised on an invalid removal order. More specifically, plaintiff contends that ineffective assistance of counsel constituted a denial of Petitioner's due process rights with respect to his removal proceedings. Petitioner's detention challenge is, therefore, not independent of the removal order, but rather, it directly and inseparably flows from such order. Under the Real ID Act, district courts lack jurisdiction to entertain habeas petitions challenging final removal orders. A petition for review

to the appropriate circuit court is the "sole and exclusive means for judicial review" available to Petitioner.  *See* 8 U.S.C. § 1252(a) (5).  Accordingly, the petition is dismissed.

SO ORDERED.

                                                /s/ JOEL A. PISANO
                                                United States District Judge

| | |
|---|---|
| Original: | Clerk |
| cc: | Judge Arleo |
| | All Parties |
| | File |